The plaintiffs seeking to discontinue the services of the respondent attorney in this action and to obtain substitution of another attorney, commenced a proceeding to fix the amount of the respondent’s legal fees and to protect “his attorney’s lien for that amount”. The respondent attorney asked by way of affirmative relief that his fees be fixed at $20,000 and asked that such security be provided as the court might deem proper if plaintiffs were not able to pay the fee. A hearing was held December 7, 1956 at Special Term at which settlement was discussed, hut no proof taken of the value of the services, and it seems to have been informally agreed that the fees of the attorney should be fixed at $15,000. Decision by the court, it was agreed by both sides, should be withheld to allow plaintiffs to complete certain business negotiations and during such period the respondent attorney was “to attempt to bring about exploitation of” certain patents owned by the plaintiffs related to the litigation in which the attorney had acted. On December 28 the attorney asked the Judge presiding at the Special Term to make a decision on the papers before him; and on the same date the plaintiffs’ attorney wrote to the Judge stating that the papers before the court were inadequate for a decision. Reference was made in that letter to “ discussions toward settlement ” held before the court on December 7 and to copies of the discussions which had been sent to the Judge, and the letter states that the discussions “failed”. It was suggested a further date for hearing be fixed or a reference be allowed. The court without further hearing fixed the value of the fee at $15,000 and made certain directions as to security. On reargument the court adhered to its decision and that is the order reviewed on appeal. We think that the record does not sustain a finding of a binding settlement or agreement for this amount. The respondent’s affidavit on this subject notes that “I agreed to *922 accept $15,000” and that “plaintiffs impliedly agreed to pay such sum”. Since the value of the services is in dispute the plaintiffs are entitled to a trial on this subject in the absence of a binding settlement fixing the amount. The record is filled with argument and recrimination; but reading it from the viewpoint most favorable to respondent’s contention it does not demonstrate a definitive settlement. We do not decide that $15,000, or even the $20,000, claimed by respondent is not reasonable compensation for the services; we hold merely that plaintiffs are entitled to try out this issue.' The arrangements made by the court for securing the amount fixed seem fully warranted and may be reimposed in the order of the Special Term as to the amount ultimately fixed as the lien. Order modified to direct a hearing on the value of the services and as thus modified affirmed, without costs.
Foster, P. J., Bergan, Coon and Gibson, JJ., concur.